HENRY WHITE *v.* ISAAC OWEN.

Where an agent purchased property, on a credit, in the name and for the use of his principal, and the vendor declined giving credit to the principal, but took the agent's individual note for the property, which note was afterwards paid with the money of the principal;—Held, that the principal might maintain an action in his own name, against the vendor, for a breach of warranty in the sale of the property.

ASSUMPSIT, on a warranty in the sale of a cow.

Upon the trial in the county court, by a jury, Lewis White was called as a witness for the plaintiff and testified that he was a brother of the plaintiff; that he called on the defendant and told him he wished to purchase a cow for his brother, Henry White. A cow was selected and the price agreed upon at $33,00. The defendant told the said Lewis that he was not acquainted with his brother and would not take his note, but he would let him, Lewis, take the cow and would receive his note for it; whereupon Lewis White executed his own note for the sum of $33,00 to the defendant, payable some three months from date, and took the cow from the defendant, drove her away and put her into the premises of one Buck, telling him to keep her until the plaintiff called for her, and he, Lewis, would see that Buck was paid for keeping her.

The witness took the cow from Buck's in a few days after and kept her about four weeks, when the plaintiff took her from him.

It also appeared that the note, given for the cow, was taken up by one Henry Simonds with money he was owing the plaintiff.

Upon this evidence, the defendant contended that the plaintiff could not maintain an action on the warranty, against the defendant; that Lewis White was the only person who could maintain such action. The court ruled that the action was properly brought in the name of the plaintiff, if the jury believed that Lewis White made the purchase as agent for the plaintiff. The jury returned a verdict for the plaintiff and the defendant excepted.

*S. Foot*, for defendant.

The agent, in this case, having disclosed his principal, and the seller having elected to make the agent his debtor, the principal was in no way liable. 2 Kent's Com. 629. *Paterson* v. *Gandasequi*, 15 East, 62. *Thompson* v. *Davenport*, 9 B. & C. 78. 2 Stark. Ev. 871.

The defendant having refused to credit the plaintiff, and the agent having taken the cow upon his own credit, and executed his own note, the purchase, as between himself and the seller, was made upon his own account. The contract, in short, was solely between the defendant and Lewis White. The defendant could not hold the plaintiff liable as a party to the contract. How then can the plaintiff hold the defendant liable on a warranty upon a contract to which the plaintiff is not a party and against whom the contract could not be enforced? There must be a mutuality of obligation and liability in all contracts between the parties themselves.

If Lewis White is to be regarded merely in the character of a surety, he is then interested and not admissible as a witness.

*J. G. Newell* and *E. N. Briggs*, for plaintiff.

The plaintiff was the principal in this case. He diected the contract to be made. The contract was made for his benefit. The plaintiff furnished the means for the purchase, and the fact that the plaintiff was the principal, was communicated to the defendant at the time the contract was made. The fact that the agent gave his note does not make the agent the principal, when the contract was made for the plaintiff, and he paid the agent's note and was the person who was injured. *Lapham* v. *Green*, 9 Vt. R. 407.

The opinion of the court was delivered by

ROYCE. J.—We are necessarily led to conclude, from the whole case, that in making the purchase of the cow, Lewis White was both the actual and avowed agent of the plaintiff. That fact is even conceded in the argument. The property must, therefore, have vested at once in the plaintiff, subject, perhaps, to a lien in favor of Lewis White for his security. We have, then, only to enquire whether the fact that the agent became personally and solely responsible for the price, operated to prevent a privity of contract between the plaintiff and defendant. This could not have been pretended, had the plaintiff appeared in person to contract for the property, and then procured his brother to give a note for the purchase money. He did appear by his real and professed agent, which was tantamount to his personal appearance. And although the note of the agent was given in payment for the property, without the plaintiff's previous request to that effect, yet, he sanctioned the mode of purchase, took the property, and provided means for paying the note. It follows that, in legal contemplation, the cow was sold to the plaintiff. And, hence, the warranty, being parcel of the contract of sale, was given to the plaintiff.

Judgment of the county court affirmed.